CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/25/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:19-cr-5 |
| ) | |
| ) | By: Michael F. Urbanski |
| DAVID ANTHONY BOLES, ) | |
| Defendant ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant David Anthony Boles' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 45. The government filed a response opposing Boles' motion, ECF No. 47, and Boles filed a reply, ECF No. 48. Because the court finds that Boles is a danger to the community and that the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody, the court will **DENY** Boles' motion.

I.

On April 9, 2019, Boles pleaded guilty before the magistrate judge to the offense of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), as charged in Count One of the Information. On April 25, 2019, the court adopted the magistrate judge's findings and recommendations and accepted Boles' guilty plea and adjudged Boles guilty as to Count One of the Information. On October 18, 2019, the court sentenced Boles to 24 months incarceration.

On May 27, 2020, Boles filed the instant motion for compassionate release arguing that extraordinary and compelling reasons warrant amending his sentence to home confinement. Specifically, Boles argues that he has various medical problems, including a mechanical heart

valve, a history of strokes, and hypertension, and that these medical problems make him more susceptible to serious complications from COVID-19. Further, Boles argues he is more likely to contract COVID-19 because he is incarcerated at FCI Butner, which has a high number of positive cases of COVID-19.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission published a policy statement to provide guidance on granting compassionate release. See USSG § 1B1.13. The policy statement provides, in relevant part, that "the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the

2

court determines that (1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." Id.

Accordingly, Boles' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction and whether Boles is a danger to the community; and (3) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

i. The government waived the exhaustion requirement.

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within

30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Boles argues that he exhausted his administrative remedies because he made a written request to the warden on April 20, 2020 for compassionate release and received a denial from the warden on April 28, 2020. See ECF No. 45-1. Boles asserts that because he received the denial letter from the warden, he "has met the exhaustion requirement." ECF No. 45, at 3. The court disagrees. Because Boles has not exhausted the administrative appeals available to him through the BOP, he has not satisfied the exhaustion requirement of § 3582(c)(1)(A). However, the government has waived such a requirement.

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1, n.1 (W.D. Va. May 19, 2020); see also United States v. Russo, ___ F.Supp.3d ___, 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); Russo, 2020 WL 1862294, at *5 ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."); see also United States v. Alam, ___ F.3d ___, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

4

In its brief in opposition, the government states that "[t]he defendant has exhausted administrative remedies." ECF No. 47, at 8. Accordingly, the court finds that the government has waived the exhaustion requirement by agreeing that Boles exhausted his administrative remedies.

 ii. <u>Boles is a danger to the community and the § 3553(a) factors weigh against a sentence reduction.</u>

Because the government has waived the exhaustion requirement, the next step is for the court to consider if Boles has demonstrated that he is not a danger to the safety of the community or that he otherwise merits release under the § 3553(a) factors. See United States v. McMillan, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020) ("A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted.") (internal citations omitted). After considering the relevant factors, the court finds that Boles is both a danger to the community and the § 3553(a) factors weigh against release.

First, to determine if Boles is a danger to the community, the policy statement directs the court to consider the factors as provided in 18 U.S.C. § 3142(g). See USSG § 1B1.13(2). Those factors include:

> (1)   the nature and circumstances of the offense charged;
> (2)   the weight of the evidence against the defendant;
> (3)   the history and characteristics of the person, including the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and

>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Boles has an extensive criminal record. He was convicted of his first felony, carrying a concealed weapon, in 1991. In 1995, Boles was convicted of his second offence of carrying a concealed weapon. He was sentenced to 12 months custody and two years' supervised probation by a Virginia state court. In 1999, in the Eastern District of Virginia, Boles was convicted of being a felon in possession of multiple firearms and ammunition in violation of § 922(g)(1) and § 924(a)(2), and he was sentenced to 63 months incarceration followed by two years' supervised release. In 2012, Boles was again convicted of being a violent felon in possession of a firearm and ammunition in a Virginia state court and sentenced to five years' incarceration, to be followed by two years of supervised probation. On November 15, 2018, Boles was found to be in violation of his probation because he possessed firearms and he was sentenced to an additional one year and six months in state custody.

Finally, on May 9, 2018, while Boles was also on probation for his state conviction, during a search of Boles' residence, law enforcement found:

- One box of 50 rounds of 10mm Sellier & Bellot ammunition;
- Ruger, Rifle, Model: Mini14, .556 caliber, SN: 583-09173;
- IRuger, Rifle, Model: All-Weather 77-17, .17 caliber, SN: 703-58268;
- Glock GMBH, Model: 40 Gen4, .10mm caliber, SN: BCTH802;
- Mosin-Nagant, Rifle, Model: 91-30, 7.62 caliber, SN: 5444; and
- Approximately 7,000 rounds of ammunition.

See ECF No. 1-1, at 2. When Boles was interviewed by law enforcement about the firearms and ammunition, he admitted that he only waited three days after his release from prison to

buy a firearm. Further, Boles stated to law enforcement, "am I learning my lesson? No!" ECF No. 1-1, at 2. On October 18, 2019, the court sentenced Boles to 24 months incarceration following his guilty plea for being a felon in possession in violation of § 922(g)(1). Boles now requests compassionate release from that sentence.

The court finds that Boles' reluctance to abide by court orders and federal law restricting his possession of firearms makes him a danger to the community. Over the past twenty-nine years, Boles has been incarcerated for at least 160 months solely because of possessing firearms and ammunition as a felon in possession. Once he was released from his most recent incarceration in state custody, he told a law enforcement officer that he only waited three days before purchasing a firearm, despite knowing that he was prohibited from doing so. In addition to his lengthy history of criminal activity, when Boles was arrested, law enforcement officers found four firearms and roughly 7,000 rounds of ammunition in his home.

Boles argues that he possessed the firearms "because he was a collector and sportsman and not for a nefarious purpose." ECF No. 45. The court is unaware of, and Boles did not cite to, any case law that interprets an exception to § 922(g)'s prohibition on felons to possess firearms for collection or sports. Indeed, "[t]he dangerousness of guns and their adaptability to use in violent crime is why Congress has prohibited their possession by convicted felons." United States v. Dillard, 214 F.3d 88, 93 (2d Cir. 2000). Further, while Boles has not used the firearms in a violent manner, he has a criminal history of violent, destructive, and dangerous convictions. Specifically, he has convictions for the destruction of property, driving while intoxicated, making telephone threats, assault and battery, and throwing missiles into an

7

occupied vehicle. Accordingly, the court finds that Boles is a danger to the community and there are no terms of home confinement that could ensure that Boles would comply with the court's orders.

Second, the court must consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

Boles committed the instant offense while on probation for a state court conviction of felon in possession. He has regularly demonstrated that he is unwilling to respect the rules of the court or the laws of the United States. Further, the sentence imposed by this court is intended to serve as specific deterrence for Boles and the court finds that factor weighs heavily in this case. Finally, Boles' medical conditions were known to him and to the court when he was sentenced. Indeed, the court recommended that Boles be housed at FMC Butner in light of his health conditions.

No matter which way the court looks at Boles' criminal history, he poses a danger to the community and the § 3553(a) factors weigh against his release. Boles has demonstrated over and over that he cannot comply with the prohibition on his possessing and owning

8

firearms. Further, the court finds that there are no terms of release that would guarantee Boles' compliance with such a restriction. Accordingly, the court cannot grant Boles' motion for compassionate release.[1]

### III.

For the reasons stated herein, Boles' motion for compassionate release is **DENIED**, ECF No. 45. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 25, 2020

Michael F. Urbanski
Chief United States District Judge

---

[1] Because the court finds that Boles is a danger to the community and that the § 3553(a) factors weigh against his release, it need not determine if Boles presents an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)(1)(A). The court notes that the government concedes that Boles' medical conditions constitute extraordinary and compelling circumstances. See ECF No. 47, at 10-11. While the court is sympathetic to Boles' medical condition and the risk posed by COVID-19, he is a danger to the community and his motion must be denied.